Mr. Mike Pickens, Director Arkansas Insurance Department 1200 West Third Street Little Rock, AR 72201-1904
Dear Mr. Pickens:
This is in response to your request for an opinion on the following question:
 May an Assistant or Deputy for the Insurance Department accept compensation as an insurance expert?
This question cannot be answered with a simple "yes" or "no" but rather will require reference to the particular facts in each instance, with an eye toward several Arkansas Code provisions. Initial consideration should be given to A.C.A. § 21-8-304 (1987), which sets forth certain ethical standards for public officials and state employees. Subsections (b) and (c) may be relevant here and provide:
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he might reasonably expect would require or induce him to disclose any information acquired by him by reason of his official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his position, nor shall he otherwise use such information for his personal gain or benefit.
Clearly, application of these provisions in a given situation is highly dependent upon the particular facts. Assuming that the expert testimony will involve disclosure of information acquired by the Assistant or Deputy in his official position, the question will then focus on whether that information "is declared by law or regulation to be confidential." A.C.A. § 21-8-304(b). This will obviously require a case-by-case determination.
Reference must also be made to A.C.A. § 23-61-106 (Repl. 1994) wherein it states under subsection (b):
 (b) The commissioner or any assistant, deputy, examiner, or other employee of the commissioner shall not be given nor receive any fee, compensation, loan, gift, or other thing of value in addition to the compensation and expense allowance provided pursuant to law for any service rendered or to be rendered as commissioner, deputy, examiner, or employee, or in connection therewith.
Again, application of this provision requires a factual determination which is outside the ordinary scope of an Attorney General opinion. This provision does not, in my opinion, constitute a blanket prohibition against the contemplated compensation. A fact question may arise, however, concerning the precise nature of the service being rendered. In this instance, it must be determined whether the expert testimony of the Assistant or Deputy is "service rendered or to be rendered as [Assistant or Deputy for the Insurance Department]." Id. In my opinion, this provision is not violated merely by virtue of the fact that the Assistant or Deputy may be qualified as an expert based upon his official position or employment by the Insurance Department. Rather, I believe other facts would have to be adduced indicating that in testifying, he will be rendering service as Assistant or Deputy for the Department.
Section 23-61-106 offers no hint of what considerations should influence this determination. Nor has the Insurance Commissioner developed any rules or regulations in this regard. See A.C.A. § 23-61-108 (Repl. 1994). It may be relevant to learn how the Assistant or Deputy accounts for his time in testifying, that is, does he take any type of leave from his employment to provide the testimony? Another factor might be the exact content or nature of his testimony. For example, does the Arkansas Insurance Department have any role in the matter or is it involved in some way? Ultimately, however, there is no way to predict what guidelines will govern a review under § 23-61-106(b). This may be an instance when, in the words of the Arkansas Supreme Court, "[the statute's] interpretation is best developed case by case, when genuinely adversary arguments can be considered against a background of actual facts."Liberty Mutual Ins. v. Billingsley, 256 Ark. 947, 950, 511 S.W.2d 476
(1974).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh